UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
NEW YORK

---

LAKITA STEEL,

                 Plaintiff,

-against-

NORTHWELL HEALTH, INC. et al

                 Defendants.

Case No.: 24-CV-05174 (AKH)

CONFIDENTIALITY STIPULATION
AND PROTECTIVE ORDER

---

        IT IS HEREBY STIPULATED AND AGREED by the attorneys for the parties this action as follows:

        WHEREAS, LaKita Steel ("Plaintiff") and Northwell Health, Inc. ("Northwell") and Janice Vetrano ("Vetrano") (Northwell and Vetrano are collectively referred to as "Defendants") are engaging in discovery that involves the production of documents, information and other materials in connection with the above captioned case;

        WHEREAS, such discovery materials and deposition testimony may contain information which the parties consider personal, proprietary, commercially sensitive, and/or confidential documents, information or materials; and

        WHEREAS, the parties have voluntarily agreed to enter into this Confidentiality Stipulation and Protective Order to limit the use of and disclosure of confidential material and deposition testimony provided herein;

        WHEREAS, the parties seek to avoid any sharing of sensitive documents, information and/or materials with anyone not necessary to this litigation including, but not limited

to, documents, records and/or reports relating to and/or forming a part Plaintiff's claim for emotional distress damages and her personal income tax information;

    IT IS HEREBY AGREED by and between the parties through their respective undersigned counsel, that the Court may enter the following Order and that the following restrictions and procedures shall apply to all discovery material in this case:

1. A party, person or entity that produces or discloses discovery material in connection with this action shall be referred to as the "disclosing party."

2. A party, person or entity that receives discovery material in connection with this action shall be referred to herein as the "receiving party."

3. Any disclosing party may designate any discovery material as confidential if they determine, in good faith, that such designation is necessary to protect confidential, proprietary, commercial, medical, sensitive, private or personal information. The parties to this action may designate discovery material produced by either party or nonparties or deposition testimony (including all transcription and videotaped recordings of testimony) deposition exhibits, answers to interrogatories and requests for admission, and other written, recorded or graphic discovery materials in the referenced action ("Discovery Material") as confidential in accordance and consistent with the terms of this Stipulation and Order.

4. It is understood and agreed that this Order's confidentiality obligations and protections shall apply throughout the discovery process. However, it is also understood and agreed that should this matter proceed to trial, the Court shall determine the terms and requirements of this Stipulation as needed for purposes of the trial.

5. The specification of appropriate safeguards concerning evidence at trial is specifically reserved for action by the Court or later agreement by the Parties at or before trial.

6. This Stipulation is binding upon the Parties, including their respective attorneys, agents, and employees.

7. Unless ordered by the Court, or otherwise provided for herein, any and all Discovery Material designated as Confidential Discovery Material (as defined below) will be held and used by the person receiving such information and their counsel, subject to the provisions of this Stipulation. solely for use in connection with this action.

8. The term "Confidential Discovery Material" shall mean confidential, sensitive, personal, medical, private and/or proprietary commercial, client, business, personnel, patient, personal identifiable information, protected health information, or financial information, quality assurance and/or other internal investigative data or materials, or other information the disclosure of which would, in the good faith judgment of the Party designating the material as confidential, be an invasion of an individual's privacy or be embarrassing to that Party or be detrimental to the conduct of that Party's business or the personal business of that Party's employees, officers, directors, customers, patients or business contacts.

9. Discovery Material designated as confidential will be labeled "CONFIDENTIAL", or, in the case of depositions, as set forth in paragraph 10 below. When Confidential Discovery Material is disclosed in a form not appropriate for such placing or affixing of a confidential notice, it shall be designated confidential in writing at the time it is produced by the disclosing party.

10. Deposition testimony (including all transcripts and video-taped recordings of testimony) may be designated "CONFIDENTIAL" by making a statement to that effect on the record

at any time during deposition. Within thirty (30) calendar days of receipt of a final transcript of the deposition, the disclosing party or any other party also may designate such transcript of any portion thereof as confidential by notifying all parties, in writing, of the specific pages and lines of the transcript which should be treated as such. Deposition testimony shall be treated as confidential for thirty (30) calendar days from receipt of a final transcript of the deposition to permit time for such designation. Such designation shall apply not only to the transcript but also to any other oral or visual record of the deposition, or the designated portions thereof.

11. This Stipulation will extend to information or material derived from a source other than from a Party to this litigation if that source was contacted solely in regard to this litigation and if the information or material received from that source is the same in substance as information or material provided by a Party and designated as Confidential Discovery Material.

12. In the event a receiving party challenges the disclosing party's designation of documents, information, or materials as "CONFIDENTIAL" counsel shall make a good faith effort to resolve the dispute informally before presenting any dispute to the Court. Any such dispute that cannot be resolved between the parties informally shall be resolved in accordance with the Federal Rules of Civil Procedure, including Rule 37.2 of the Local Rules of the United States District Court for the Southern and Eastern Districts of New York ("Local Rules"). Pending resolution of the dispute, the parties shall continue to treat the documents, information or materials under challenge as confidential material. The burden of demonstrating the need to have discovery materials designated as confidential shall be on the designating party.

13. Nothing in this Protective Order constitutes an admission by any party that Confidential Discovery Material disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all confidential material disclosed, in accordance with applicable law and court rules.

14. Confidential Discovery Material shall not be disclosed to any person, except:
    a. The Court, court personnel, court reporters and, if applicable, the Jury;
    b. The receiving party (including its employees to whom counsel determines, in good faith, disclosure is necessary to prepare the receiving party's case) and counsel for the Parties to this action and their employees or agents, including associate attorneys, paralegals, clerical personnel, or other assistants that counsel employs;
    c. Persons retained in this action to assist in the prosecution or defense of this action, including technical and professional experts and persons employed and affiliated with such experts provided that said individuals are shown a copy of this Stipulation, and agree to be bound by same;
    d. Witnesses during the course of depositions, trial testimony or pre-hearing preparation;
    e. Any mediator or arbitrator engaged by all parties.

15. Prior to disclosing or displaying the confidential material to any person, counsel shall:
    a. Inform the person of the confidential nature of the documents, information or material.
    b. Inform the person that the Court has enjoined the use of confidential material by him or her for any purpose other than this litigation and has enjoined the disclosure of confidential material to any other person.

16. Confidential Discovery Material may be disclosed to and discussed with the persons listed Paragraph 14 (c) (d) and (e), only on the condition that prior to any such disclosure or discussion, each such person shall be asked to sign an agreement to be bound by this Order in a form annexed hereto as Exhibit A. In the event such person refuses to sign said agreement, the party desiring to disclose the confidential material may seek appropriate relief from the Court. Nothing shall prevent disclosure beyond the terms of this Stipulation if the producing party (or its, his or her counsel) consents in writing to such disclosure, or if after reasonable written notice to all affected parties the Court orders such disclosure.

17. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate Confidential Discovery Material subject to the Stipulation, the party filing such papers must follow the procedures set forth in Rule 4(B) of Judge Hellerstein's Individual Rules governing "Sealing/Redaction Requiring Court Approval."

18. The inadvertent failure to designate any document, information or material "CONFIDENTIAL" shall not be deemed a waiver of such status if such document, information or material is properly designated as such by the disclosing party within ten (10) days of the disclosing party's discovery of such failure. The disclosing party shall provide appropriately marked substitute copies of the affected information, and the receiving party shall destroy all copies of the incorrectly labeled information after it has been provided with such substitutes.

19. Any Party may at any time seek Court review of the appropriateness of any Confidential Discovery Material designation made by a Party pursuant to this Stipulation, provided that prior to and during the pendency of any such review the Parties will treat the challenged information or documents as Confidential Discovery Material as provided herein until the

Court issues a resolution concerning the challenged designation. In any such motion, the producing party claiming the right to designate the material protected as Confidential Discovery Material shall have the burden of establishing the grounds for the designation and treatment of information as entitled to protection in accordance with this Stipulation and applicable law. Prior to seeking Court review, the Parties shall attempt in good faith to resolve the designation dispute.

20. No person or entity to whom Confidential Discovery Material is disclosed shall disclose such material or the contents of such material to any person or entity to whom/which disclosure is not authorized by the terms hereof.

21. Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any Confidential Discovery Material.

22. In the event the party, or parties, and/or counsel to whom Confidential Discovery Material was produced unintentionally discloses such Confidential Discovery Material to anyone other than the individuals listed in Paragraph 14, supra, on the terms set forth therein, the disclosing party's counsel will take reasonable steps to rectify such disclosure. In the event of any unauthorized disclosure of Confidential Discovery Material. The disclosing party shall be entitled to injunctive relief (without the requirement of any bond) from the Court for the purpose of restraining an actual or threatened breach of the provisions of this Stipulation, in addition to any other relief to which such party may be entitled in law or equity.

23. If Confidential Discovery Material in the possession of the receiving party is subpoenaed by any court, administrative, or legislative body, or any person or organization purporting to have authority to subpoena such Confidential Discovery Material, the party to whom the

7

subpoena is directed shall immediately notify requesting person or entity of this Stipulation, shall provide requesting person or entity a copy of this Stipulation, and, in any event, shall not provide or otherwise disclose such documents or information without first notifying counsel for the producing party, as appropriate, in writing of (1) the Confidential Discovery Material which is requested for production in the subpoena; (2) the date on which compliance with the subpoena is requested; (3) the location at which compliance with the subpoena is requested; (4) the identity of the party serving the subpoena; and (5) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena has been issued. The receiving party agrees to notify the producing party within five (5) business days if the receiving party is ~~compelled by subpoena or court order, or otherwise contacted by any third parties, to~~ appear and testify concerning matters encompassed by this paragraph. The receiving party also agrees that the receiving party will not contest the producing party's standing to move to quash such subpoena.

24. Nothing contained in this Order shall affect the right, if any, of a party to make any other type of objection, claim or other response to discovery requests, including, without limitation, interrogatories, requests for admission, requests for production of documents or questions at deposition or response or objection thereto. Nor shall this Stipulation be construed as a waiver of any attorney-client privilege, any work-product doctrine or any other applicable privilege or immunity. Inadvertent production of any such protected document shall not constitute a waiver of any privilege or any other ground for objection to discovery with respect to such document or any other document, or with respect to the

subject matter thereof, or with respect to the information contained therein, nor should such inadvertent production waive any right to object to the use of any such document or the information contained therein during any subsequent proceeding. If a producing party becomes aware that it has inadvertently produced information or materials that are protected by attorney-client privilege, or any work-product doctrine, or any other applicable privilege or immunity, the producing party shall promptly notify each receiving party in writing of the inadvertent production. Once a receiving party receives notice of the inadvertent production, the receiving party shall make reasonable efforts to retrieve all copies of the information or materials the receiving party or its agents distributed to others and shall return to the producing party or destroy all originals and copies of such inadvertently produced information or materials within three (3) business days after receiving such notice. Any notes or summaries referring or relating to any inadvertently produced information or materials subject to a claim of privilege or immunity shall be destroyed forthwith. Nothing in this paragraph shall prevent the receiving party from challenging the propriety of the attorney-client privilege, work-product privilege, or other applicable privilege or immunity designation by submitting a written or oral challenge of the designation to the Court. The producing party bears the burden of establishing the privileged nature of any inadvertently produced information or materials. The receiving party shall refrain from distributing or otherwise using the inadvertently produced information or materials for any purpose until the discoverability of the information or materials is agreed upon by the parties or resolved by the Court. Notwithstanding the foregoing, the receiving party may use the inadvertently produced information or materials solely to respond to a motion by the producing party seeking their return or destruction. If

a receiving party becomes aware that it is in receipt of information or materials which it knows or reasonable should know is privlegerd, counsel for the receiving party shall immediately take steps to (i) stop reading such information or materials, (ii) notify counsel for the producing party of such information or materials, (iii) collect all originals and copies of such information or materials, (iv) return or destroy such information or materials to the producing party, and (v) otherwise comport themselves with Rule 4.4(b) of the New York Rules of Professional Conduct.

25. Upon final resolution of this action, Confidential Discovery Material and any copies thereof shall be promptly (and in no event later than forty-five (45) days after entry of final order no longer subject to further appeal) returned to the disclosing party or certified in writing as destroyed. However, counsel for any party shall be entitled to retain a copy of all deposition transcripts and exhibits, as well as attorney work product, provided that such materials are maintained and protected in a manner consistent with this Order.

26. The provisions of this Stipulation shall, absent written permission of the producing party or order of the Court, continue to be binding after the conclusion of this action and the parties agree that the obligations of confidentiality imposed by this Stipulation shall survive the conclusion of this litigation to the extent permitted by applicable law.

27. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further protective order related to the confidential material; or to object to the production of documents, information or material; or to apply to the Court for an order compelling production of documents, information or materials, or for modification of this order.

28. This Stipulation maybe executed in a number of counterparts, all of which, when taken together shall constitute one instrument. Signatures may be transmitted by facsimile and facsimile signatures shall be acceptable as originals for all purposes.

_____  11/12/24
Robert B. Davis, Esq.         Date
Attorney for Plaintiff
233 Broadway, Suite 2704
New York, NY 10279
212-477-4777
robert@rbdavislaw.com

_____  11/12/24
Jennifer B. Courtian, Esq.    Date
Attorneys for Defendants
Jackson Lewis, P.C.
666 Third Avenue, 29th Floor
New York, NY 10017
212-545-4022
Jennifer.Courtian@jacksonlewis.com

SO ORDERED

_____
SDNY Judge Alvin K. Hellerstein    Date
11/13/24

11

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LAKITA STEEL

                    Plaintiff,                    Case No.: 24-CV-05174 (AKH)

              -against-

                                                  **CERTIFICATION**

NORTHWELL HEALTH, INC., et al

                    Defendants.
------------------------------------------------------------X

       I am an [agent, independent consultant, expert, non-party deponent] retained or otherwise engaged by or noticed or subpoenaed for testimony by _____ (the Retaining Party) in connection with the litigation known as *Steel v. Northwell Health, Inc. et al* 24-CV-05174, currently pending in the United States District Court for the Southern District of New York. By signing this certification, I certify that I have read the Confidentiality Stipulation and Protective Order ("Protective Order") in this case in its entirety. I fully understand my obligations under the Protective Order, and I hereby agree to be bound by its terms during the course of my retention or engagement or testimony and thereafter. In particular, I agree not to disclose to any non-party, or otherwise use, for the benefit of anyone other than the Retaining Party any "CONFIDENTIAL" Material, or summaries thereof, which were provided to or shown to me by the Retaining Party. I further agree to return to the Retaining Party at the conclusion of this litigation (herein defined as the conclusion of all informal and formal proceedings arising from or relating to this litigation, including appeals), or earlier if requested by the Retaining Party, all such Materials, or summaries thereof, including work product derived from or based thereon.

_____
(Signature / Date)


_____
(Printed Name)